### 9640

### SOUTHARD v. MARLBORO AGRICULTURAL CO.

#### (91 S. E. 976.)

1. DISMISSAL AND NONSUIT — VOLUNTARY — BEFORE TRIAL. — The Court
   may authorize plaintiff to discontinue a case after the pleadings are
   completed, and the cause ready for trial.

2. APPEAL AND ERROR — EXCEPTIONS — SUFFICIENCY.—An exception that
   permission to dismiss the case was erroneous because the pleadings ·
   had been completed and cause ready for trial is too indefinite.

3. BILLS AND NOTES — DEFENSES — SUFFICIENCY OF PLEADING. — In an
   action by the assignee of a note, defendant's allegations that plain-
   tiff secured the note after maturity, and that the assignor was his
   uncle, are insufficient to connect plaintiff with the assignor's alleged
   wrongful acts toward defendant.

4. DISMISSAL AND NONSUIT—VOLUNTARY—DISCRETION OF COURT.—A trial Court has discretionary power to permit plaintiff to discontinue the cause before trial.

5. DISMISSAL AND NONSUIT—VOLUNTARY—DISCRETION OF COURT.—Where defendant's pleading would not sustain an affirmative judgment against plaintiff, there is nothing to indicate the trial Court did not exercise its discretion in allowing plaintiff to discontinue the case before trial.

Before SPAIN, J., Bennettsville, April, 1915.    Affirmed.

Action by E. F. Southard against the Marlboro Agricultural Company, a corporation. From an order allowing plaintiff to discontinue the action, defendant appeals.

The exceptions are as follows:

1. Because Hon. T. H. Spain committed error in granting the motion to dismiss the case for the reason that the pleadings had been made up and the case was ready for trial.

2. It is respectfully submitted that Hon. T. H. Spain in dismissing the cause committed error for the reason that the defendant, the defendant corporation, and the stockholders had acquired rights at that time before the Court, and were entitled to have all questions and issues raised by the answer determined by the Court, and that plaintiff, E. F. Southard, and the original holder of the note mentioned and referred to in the complaint, L. H. Southard, were nonresidents of the State of South Carolina, and having come into the Court and submitted themselves to the jurisdiction of the Court, and having brought the defendant corporation into the Court, the defendant, together with the manager, upon whom the complaint was served, and the other stockholders, had acuired a material right, and being in Court, and the jurisdiction of nonresidents having been acquired, all of the parties defendant and those interested were entitled to have all questions raised by the complaint and the answer determined; it being further respectfully submitted that Judge Spain in granting the order must have taken the position that

the only question raised by the pleadings was the matter of the note under which E. F. Southard claimed, whereas an examination of the pleadings will show that, while this was the basis of the cause of action set up in the complaint, it was of minor importance compared with the issues raised by way of affirmative defense in the answer of the defendants.

*Mr. J. K. Owens,* for appellant, submits: *Plaintiff may be granted leave upon payment of cost to discontinue his suit before verdict, unless the defendant has acquired some substantial right, and in the face of a set-off or a counterclaim the plaintiff has no right to have the action discontinued, but the only right is to have the complaint withdrawn or discontinued:* 82 S. C. 12; 80 S. C. 455; 1 Bailey 262; 1 Speer 307; 2 McCord Eq. 418; 1 Rich. Eq. 294; 37 S. C. 120; 15 S. E. 798; 6 Ency. Pl. and Pr. 833, 834; 74 S. C. 80; Enc. of Pl. and Pr. 847-851; 70 S. C. 89, 48 S. E. 987.

*Messrs. Stevenson, Stevenson & Prince,* for respondent, submit: *It is within the discretion of the Circuit Court to grant or refuse the motion for leave to discontinue without respect to the nature of the action:* 82 S. C. 15; 90 S. C. 127; 87 S. C. 368; 80 S. C. 77; 56 S. C. 510. *The order is not appealable because it does not affect any substantial right of appellant:* 80 S. C. 75.

March 15, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Appeal from a formal order of the Circuit Court, whereby the plaintiff was allowed, with the defendant's consent, to discontinue the action. The suit is upon two notes made by the defendant to L. H. Southard, and by him assigned to the plaintiff, E. F. Southard.

There are two exceptions, which ought to be reported.

The first is unsound on its face; for it is common practice to discontinue a case when "the pleadings are made up and the cause is ready for trial." The exception is so indefinite that it signalizes no error.

The second exception is verbose and argumentative; but the kernel of it is that L. H. Southard, said to be an uncle of the plaintiff, had wronged the defendant in ways particularized in the complaint, and the wrongs are allied with the note sued on; that the Court had acquired a jurisdiction of L. H. Southard, and the defendant had a right to have these wrongs adjudged; that E. F. and L. H. Southard had conspired together to cheat and defraud the defendant, as was evidenced by their alleged acts. But L. H. Southard is not a party to the action; he is a nonresident; he has not been brought into the action; and one of the prayers for relief was that he might be brought in. His acts are irrelevant, so far as they affect him; for no judgment can be pronounced against him. Nor are the allegations of the answer sufficient to entangle the plaintiff with the alleged illegal conduct of L. H. Southard. The only allegations in the answer which refer to the plaintiff are that, if he purchased the notes, he got them after maturity; that they had no consideration. Then there is the allegation quoted below, the only one which suggests any connection betwixt the two Southards in the wrongs recited against L. H. Southard:

"And the defendant further alleges upon information and belief—that is, upon the acts and doings of L. H. Southard and E. F. Southard—that the plaintiff, E. F. Southard, and L. H. Southard have conspired and colluded to defraud and cheat the said company out of the said land, and also out of other large amounts of money."

The answer alleged no "acts and doings" of E. F. Southard, and alleged no facts or circumstances tending to show he had any part in the conduct charged against L. H. Southard. The only facts alleged which touch E. F. Southard are

his kinship to L. H. Southard and his ownership of the note. By no sort of reasonable conjecture do these two circumstances join him in the alleged conspiracy to defraud the defendant.

Had the Court retained the case, and tried it to the end, the outcome under the pleadings could not have affected the plaintiff, E. F. Southard, except perhaps to have defeated his recovery on the notes, and that event he may yet

4, 5     compass, if he be sued again. The Court had the clear right, if it exercised its discretion to do so, to permit the plaintiff to discontinue the cause. *State* v. *Railroad,* 82 S. C. 13, 62 S. E. 1116. There is no exception that the Court did not exercise its discretion; and there is nothing in the record to negative that view.

We have not considered the circumstance that the defendant, acting through its alleged president, consented to the order of discontinuance.

The order below is affirmed.